IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ELEGANTE, LLC,

   Plaintiff,

v.

ANGELA R. DE LOS SANTOS,

   Defendant.

Case No. 2:22-cv-273

# TRIAL SCHEDULING ORDER

The following shall govern the trial in the above-styled matter. If any conflict is perceived between this Order and either the Federal or Local Rules, this Order shall control. This Order shall also supersede any prior scheduling and pretrial orders to the extent it addresses subject matter previously addressed by those orders. Any matters not addressed by this Order shall be governed by the Federal and Local Rules and any prior scheduling and pretrial orders.

**I.**    **Trial Date**

A **two-day jury trial** is scheduled to commence at **10:00 a.m.** on **October 26, 2023, at the courthouse in Norfolk.**

**II.**    **Expert Testimony**

The parties are advised that they may rely upon the testimony of only one expert per discipline, except by order of the Court.

Any motions challenging expert testimony based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny shall be filed not later than 30 calendar days before trial. Any response to such a motion shall be filed not later than ten calendar days after the filing of the

motion, and any reply shall be filed not later than three calendar days thereafter.

### III. Non-Dispositive Motions

All non-dispositive motions, including all motions in limine shall be filed not later than 30 calendar days before trial. The brief in opposition to such a non-dispositive motion shall be filed not later than 24 calendar days before trial. The reply brief in support of such a non-dispositive motion, if any, shall be filed not later than 20 calendar days before trial. The parties are referred to the requirements of E.D. Va. Civ. R. 7(E), which are incorporated herein by reference.

### IV. Proposed Witnesses

Each plaintiff shall file a list of proposed witnesses not less than 30 calendar days before trial, and each defendant shall designate its witnesses not later than 25 calendar days before trial. Each plaintiff shall file a list of any rebuttal witnesses not later than six calendar days after the defendant(s) designate(s) witnesses. Absent exceptional circumstances, failure to comply with the provisions of this paragraph shall result in preclusion of a witness's testimony at trial.

### V. Discovery to Be Used as Evidence

Each plaintiff shall file a designation not less than 30 calendar days before trial specifically identifying any discovery material that is intended to be offered into evidence, and each defendant shall do likewise not less than 30 calendar days before trial. Any designation must identify the specific item of discovery intended to be offered into evidence by exhibit number, title of the document, and the specific page and sentence of the relevant information, along with a statement of relevance and basis for admission. Any objection to the introduction of any discovery material shall be filed not later than 20 calendar days before trial, or the objection will be deemed waived. This paragraph does not apply to discovery materials that will be used at trial solely for the purpose of cross-examination or impeachment.

### VI. Jury Trial & *Voir Dire*

Counsel for all parties shall jointly file electronically any requested jury instructions, including all requested standard instructions, not less than ten calendar days before trial. The submission of proposed jury instructions shall include each requested jury instruction (regardless whether agreed or objected to) fully set forth on a separate page, with a citation in support of

the instruction set forth at the bottom of each requested instruction. The submission shall be organized as follows: First, the parties shall tender the agreed set of instructions (labeled "J-1," "J-2," etc.), including any special interrogatory verdict form. Second, the parties shall tender any of Plaintiff's proposed instructions (labeled "P-1," "P-2," etc.) to which a defendant objects. Third, the parties shall tender any defendant's proposed instructions (to be labeled "D-1," "D-2," etc.) to which a plaintiff objects. Counsel shall also provide a copy of all requested jury instructions in Word format to chambers via email.

An objecting party shall submit its memorandum in opposition to any jury instructions requested by the other side not more than three calendar days after filing of the requested jury instructions. The memorandum should not exceed ten (10) pages in length. The objecting party shall set forth the nature of the dispute, any authority on the issue, and any alternative instruction. The party proposing any requested instructions that are not agreed upon may submit a memorandum in support of the requested instructions not more than four calendar days after filing of the requested jury instructions.

Any proposed jury *voir dire* to be requested by any party shall be filed at least seven calendar days before trial. The parties are encouraged to submit a statement that succinctly summarizes the position of each party, for use by the Court during *voir dire.*

### VII.     Written Stipulations

Not later than 30 calendar days before trial, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of undisputed facts. Written stipulations shall be signed by each counsel and filed with the Clerk not later than 25 calendar days before trial.

### VIII.     Proposed Exhibits

Each plaintiff shall file a list of proposed exhibits not less than 30 calendar days before trial and shall provide a copy of all proposed exhibits to all parties. Each defendant shall file a list of proposed exhibits and shall provide a copy of same to every party not less than 25 calendar days before trial. The plaintiff shall file a list of any rebuttal exhibits not less than 20 days before trial. Any objection to any exhibit shall be noted by a motion that includes the subject exhibit(s), filed not later than 15 calendar days before trial. Any exhibit not listed and timely filed will not be admitted at trial unless used solely for impeachment or rebuttal purposes.

All exhibits will be presented by available electronic means at trial. Counsel must contact the Courtroom Deputy before trial if counsel is not sufficiently familiar with the courtroom electronic system to effectuate presentation at trial. In anticipation of trial, each party shall ensure that two sets of pre-marked, indexed copies of that party's exhibits are submitted in binders to the Clerk at least three days before trial begins, for use by the Courtroom Deputy during trial proceedings and by the jury during its deliberations.

### IX. Deadlines

Unless otherwise specified, any deadline established herein shall be governed by Fed. R. Civ. P. 6. For purposes of Fed. R. Civ. P. 6(d), all electronically filed documents shall be deemed electronically served regardless of additional service by any other means.

### X. Final Pretrial Conference

A final pretrial conference will be held on **October 12, 2023,** at **11:00 a.m.**, at the courthouse in Norfolk. Not later than seven days before the final pretrial conference, the parties shall jointly submit a proposed final pretrial order to the Court, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidence issues. The proposed final pretrial order shall be broken down by the following sections: (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed Witnesses by Party; (4) Exhibits (including identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and (6) Triable Issues as set forth by each party.

### XI. Pretrial Briefs

The parties are encouraged to file pretrial bench briefs on material issues expected to arise at trial. However, pretrial briefs may not substitute for motions in limine, because pretrial briefs do not seek a remedy. Instead, pretrial briefs serve as a vehicle for counsel to educate the Court about a potential trial issue. If counsel elects to file a pretrial brief, it must be filed not later than five calendar days before trial and should be no longer than 10 pages in length.

### XII. Courtroom Technology

All exhibits will be presented by available electronic means during trial. The courtroom is equipped with a document viewer that displays evidence

on monitors located on counsel tables, on the bench, and in the jury box. The parties may also use personal laptop computers to aid in their presentation of evidence. The Court does not provide laptops. The Court advises the parties to visit the following webpage for more information on the Court's technological capabilities: https://www.vaed.uscourts.gov/evidence-presentation-system.

Any party wishing to use courtroom technology during a proceeding should submit a Request to Use the Court's Evidence Presentation System form and confer with the Courtroom Deputy at least ten calendar days before the proceeding. The Court expects all parties using courtroom technology to conduct a test run before any proceeding.

Any party wishing to bring personal electronic devices, including laptops and cell phones, to a proceeding should submit a Request for Authorization form to the Courtroom Deputy at least three business days before the proceeding. While in the courthouse, all devices should be turned off (not on silent or vibrate mode) unless in use for court-related matters.

**XIII.    Attorneys' Fees**

Any motion for an award of attorneys' fees will be addressed after trial, pursuant to Fed. R. Civ. P. 54 and E.D. Va. Civ. R. 54 (if fees are treated as costs by statute or rule). Such motions shall be governed by applicable statutory and decisional law and must be accompanied by a brief. A party moving for attorneys' fees must submit an affidavit or declaration itemizing time spent on the case and describing the work done and the hourly rate of the person billing the case. In addition, a movant must submit an affidavit or declaration from an expert establishing the reasonableness of the fees.

## XIV. Communications with Chambers

*Ex parte* communications with chambers are strongly discouraged and should be limited to scheduling questions and similar clerical matters. All other requests and communications should be made via filings on the public docket.

\* \* \*

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record and to any party not represented by counsel.

**IT IS SO ORDERED**.

/s/ *JKW*

Jamar K. Walker
United States District Judge

Norfolk, Virginia
September 14, 2023